IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THERESA FRAIETTA | : | CIVIL ACTION |
| | : | |
| v. | : | No. 16-2235 |
| | : | |
| ANDREW SAUL,[1] | : | |
| *COMMISSIONER OF SOCIAL* | : | |
| *SECURITY* | : | |

## **ORDER**

AND NOW, this 31st day of July, 2019, upon consideration of Plaintiff Theresa Fraietta's

Brief and Statement of Issues in Support of Request for Judicial Review, Defendant Andrew Saul,

Commissioner of Social Security's response thereto, and Fraietta's reply, and after careful review

of the Report and Recommendation of United States Magistrate Judge David R. Strawbridge,

Fraietta's objections thereto, the Commissioner's responses, and Fraietta's reply it is ORDERED:

1.  Fraietta's objections to the Report and Recommendation (Document 14) are

    OVERRULED[2];

---

[1] Andrew Saul became the Commissioner of Social Security on June 17, 2019. Pursuant to Federal Rule of Civil Procedure 25(d), Saul is substituted for Carolyn W. Colvin as the Defendant in this case.

[2] Plaintiff Theresa Fraietta seeks review of the denial of her application for Social Security Disability Insurance Benefits and Supplemental Security Income by Defendant Andrew Saul, Commissioner of Social Security for the period between April 12, 2011 and April 30, 2013. In a decision issued on December 22, 2013, an Administrative Law Judge (ALJ) concluded Fraietta was disabled beginning on May 1, 2013, but not prior to that date, after applying the Social Security Administration's five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520.
     The ALJ first found Fraietta had not engaged in substantial gainful employment since her alleged onset date of April 12, 2011. Second, the ALJ determined that, prior to May 1, 2013, Fraietta suffered from fibromyalgia, degenerative disc disease, osteoarthritis, and anxiety, but they were not severe impairments. However, the ALJ found Fraietta had the following severe impairments beginning on May 1, 2013: degenerative joint disease of the right knee, obesity, degenerative disc disease, and asthma. Third, the ALJ found Fraietta's impairments did not equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Fourth, the ALJ concluded that, since May 1, 2013, Fraietta had the residual functional capacity to perform

sedentary work, with additional limitations on her exposure to certain environmental factors. The ALJ determined Fraietta had no past relevant work to assess against this residual functional capacity. Fifth, the ALJ determined there were no jobs existing in significant numbers in the national economy that Fraietta could perform since May 1, 2013, and she was therefore disabled as of that date.

In her Request for Review, Fraietta makes two related arguments. She claims the ALJ erred because (1) the ALJ failed to rely on a legitimate basis for the May 1, 2013, disability onset date, Req. for Review 3, and (2) the ALJ had no rational basis to conclude Fraietta's impairments were not severe impairments prior to May 1, 2013, *id.* at 3, 9. On August 14, 2017, United States Magistrate Judge David R. Strawbridge issued a Report and Recommendation (R&R) addressing this alleged error, concluding the ALJ's decision was supported by substantial evidence, and recommending the Commissioner's denial of benefits prior to May 1, 2013, be affirmed.

On August 17, 2017, Fraietta filed objections to the R&R reasserting the argument she made in her Request for Review. Fraietta argues "(1) there is no legitimate basis . . . to conclude that a person who was disabled based on a limitation to sedentary work as of May 1, 2013, did not have impairments that at least met the Agency's *de minimis* severity standard on April 30, 2013," Objs. 2, and "(2) Agency rules require the ALJ to identify a 'legitimate medical basis' for the established onset date," and in this case, the ALJ erred by selecting the date of a consultative examination rather than calling upon the services of a medical advisor, *id.* at 3. Pursuant to 28 U.S.C. § 636(b)(1), this Court reviews de novo "those portions of the report or specified proposed findings or recommendation to which objection is made."

Upon de novo review of the record, and in light of the fact that Judge Strawbridge has already considered and addressed Fraietta's arguments, Fraietta's objections are overruled for the reasons stated in the R&R. The Court will nevertheless address Fraietta's argument that *Newell v. Commissioner of Social Security*, 347 F.3d 541 (3d Cir. 2003), requires remand and that Judge Strawbridge erred in relying on *Welsh v. Commissioner of Social Security*, 662 F. App'x 105 (3d Cir. 2016).

This Court reviews the "decision of the Commissioner to determine whether it is supported by substantial evidence." *Newell*, 347 F.3d at 545. Substantial evidence is relevant evidence "a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)) (internal quotation marks omitted). This Court is not permitted to "re-weigh the evidence or impose [its] own factual determination." *Chandler v. Comm'r of Soc. Sec. Admin.*, 667 F.3d 356, 359 (3d Cir. 2011).

In *Newell*, the Third Circuit found the ALJ's disability onset date determination was not supported by substantial evidence. 347 F.3d at 547. The ALJ determined the claimant did not have any severe impairments prior to the date the claimant began receiving medical treatment and her slowly progressing conditions were diagnosed and documented. *Id.* at 544–45, 547. Prior to that date, the ALJ reasoned, there was no objective medical evidence of the claimed functional limitations. *Id.* at 544. The Third Circuit determined the ALJ erred because she inferred the claimant's lack of treatment contradicted her allegations of disability without properly considering the claimant's explanation for not seeking treatment. *Id.* Further, the *Newell* Court found the ALJ failed to properly consider the relevance of the documented medical evidence retrospectively, because "[r]etrospective diagnosis of an impairment, even if uncorroborated by contemporaneous medical records, but corroborated by lay evidence relating back to the claimed period of disability, can support a finding of past impairment." *Id.*

In addition, the *Newell* Court found the ALJ erred by failing to adhere to Social Security Ruling 83-20, because the "ALJ should have consulted a medical advisor to help him infer the onset date." *Id.* at 549 (citing Titles II and XVI: Onset of Disability, S.S.R. 83-20, 1983-1991 Soc. Sec. Rep. Serv. 49, 1983 WL 31249 (Jan. 1, 1983) [hereinafter, "S.S.R. 83-20"]). The Court pointed out that "the ALJ must call upon the services of a medical advisor in a situation where the alleged impairment was a slowly progressing one, the alleged onset date was far in the past, and adequate medical records for the most relevant period were not available." *Id.* at 549 n.7 (citing *Walton v. Halter*, 243 F.3d 703, 709 (3d Cir. 2001)).

The instant case is distinguishable from *Newell*. Unlike *Newell*, the ALJ here did not rely on a failure by Fraietta to seek medical treatment prior to the ALJ's onset date, because there was no such failure. There were adequate medical records prior to the ALJ's onset date that the ALJ considered, including progress notes by Fraietta's primary care provider and a physician's assistant from August 2011 to January 2013, *see* Administrative Record (A.R.) 26, records from Fraietta's rheumatologist from 2008 and 2010, which included x-rays, *see id.*, and an April 12, 2013, MRI study, *see id.* at 29. The ALJ's review was consistent with the direction of S.S.R. 83-20 that "[i]f there is information in the file indicating that additional medical evidence concerning onset is available, such evidence should be secured before inferences are made," 1983 WL 31249, at *3, inasmuch as the ALJ requested the rheumatology records be provided prior to making a decision. *See* A.R. 26, 39, 49. Accordingly, in this case there was no lack of adequate medical records for the ALJ's consideration. C*f. Newell*, 347 F.3d at 549 n.7 (noting that precedent requires the ALJ consult a medical advisor, where, *inter alia*, adequate medical records for the relevant period were not available). Rather, the ALJ reviewed the medical records and, although they clearly evidence symptoms, the ALJ determined they did not evidence limitations to support severe impairments. *See Welsh*, 662 F. App'x at 109 ("Welsh confuses the onset of symptoms with the onset of disability.").

The instant case is also distinguishable from *Newell* because the ALJ here did not disregard evidence prior to the onset date she found or improperly discredit the claimant's testimony because she failed to seek medical treatment for explainable reasons. Instead, the ALJ considered the aforementioned medical evidence, as well as a report by Fraietta's husband indicating Fraietta's ability to perform a number of daily tasks. *See* A.R. 26. Moreover, Fraietta's position that the consultative exam could not have served as the onset date—at least not without a medical advisor's consultation—because Fraietta's conditions were slowly progressing is unavailing in light of *Welsh*. In *Welsh*, the Third Circuit affirmed the ALJ's finding that the date of a medical examination was the onset date of a nontraumatic disability, where the ALJ considered earlier evidence, 662 F. App'x at 107, which suggested "no functional limitations severe enough to preclude [the claimant] from substantial gainful employment.," *id.* at 109.

The Court also notes the presence of a "retrospective analysis" using "non-contemporaneous evidence" in the ALJ's analysis. *See Newell*, 347 F.3d at 547. The ALJ relied on later medical evidence, including, for example, the September 15, 2014, opinion of Fraietta's treating physician, to find a considerably earlier onset date, May 1, 2013. *See* A.R. 30 ("Overall, the objective medical evidence *after* May 1, 2013 shows additional symptoms and progression [of Fraietta's conditions] that significantly reduced the claimant's ability to perform work activity." (emphasis added)). In light of the ALJ's consideration of later medical evidence to arrive at the disability onset date, Fraietta merely argues the retrospective analysis did not reach back far enough, and the May 1, 2013, consultative examination findings were not afforded sufficient

2.    The Report and Recommendation (Document 13) is APPROVED and ADOPTED;

3.    Fraietta's Request for Review (Document 9) is DENIED; and

4.    Judgment is entered in favor of the Commissioner by separate order, filed contemporaneously.

The Clerk of Court is directed to mark this case CLOSED.

BY THE COURT:


 /s/ Juan R. Sánchez
Juan R. Sánchez, C.J.

---

weight in determining an earlier onset date. In this respect, Fraietta asks the Court to re-weigh the evidence and arrive at a different factual determination than the ALJ. The substantial evidence standard does not permit the Court to do so.

Accordingly, the Court finds the ALJ's decision was supported by substantial evidence, Fraietta's objections to the R&R are overruled, and the R&R is approved and adopted.